```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

UNITED STATES OF AMERICA

        vs.                        Case No. 2:05-CR-011
                                         JUDGE FROST

DARYL M. LAWRENCE

## GOVERNMENT'S SENTENCING MEMORANDUM

On February 28, 2006, after a jury trial the defendant was convicted of all eight counts of the Indictment in this case. On March 3, 2006, the jury found the defendant eligible for the death penalty for Counts Seven and Eight. On March 10, 2006, the jury found that the defendant should be sentenced to life imprisonment without the possibility of release on Count Seven but that death was warranted for Count Eight. The Court subsequently sentenced the defendant according to the jury's verdict on Counts Seven and Eight (Order, R.216) and ordered the preparation of a presentence investigation report (PSIR) before sentencing the defendant on the remaining counts of the Indictment.

There remain eight unresolved objections to the final PSIR, as outlined in defense counsel's June 27, 2006 letter to USPO Tina Ankrom. The letter is attached to the final PSIR. The government believes that the probation officer's response to the various objections correctly interprets the guidelines and the statutory sentencing scheme.

Objections 1, 2 and 3 do not affect the advisory guideline range but are factual disputes.  The government does not intend to offer evidence or present further argument on those objections.

In his fourth objection the defendant claims that he has accepted responsibility for his criminal conduct.  In support of that claim he refers the Court to his videotaped statement, the trial testimony of the law enforcement officers who conducted the interrogation, the testimony of his family and friends after his conviction, and his proffered allocution during the sentencing phase of the trial.  The defendant also claims that the jury's findings of mitigating factors merit consideration as well.

The defendant must establish by a preponderance of evidence that he has accepted responsibility for all offenses of conviction to be eligible for any reduction. United States v. Chambers, 195 F.3d 274 (6th Cir. 1999). Whether a defendant has accepted responsibility is a question of fact for the trial court and that decision will not be disturbed unless clearly erroneous. United States v. Williams, 940 F.2d 176, 181 (6th Cir. 1991). See also, United States v. Angel, 355 F.3d 462, 476-78 (6th Cir. 2004).  A defendant who expresses regret for the results of his criminal conduct without admitting his criminal intent does not accept responsibility for those crimes. United States v. Sloman, 909 F.2d 176, 182 (6th Cir. 1990).

2

Application Note 1 to §3E1.1 U.S.S.G. contains a non-exhaustive list of eight factors for the Court to consider in determining whether a defendant has accepted responsibility. The first factor is truthful admission the conduct comprising the offenses of conviction.  The government concedes that the defendant admitted, after his arrest, that he committed the first three armed bank robberies and that he fired the shot that killed Officer Bryan Hurst on January 6, 2005.  However, the defendant's assertion throughout all phases of his trial that Officer Hurst fired first is false and inconsistent with acceptance of responsibility.  A defendant cannot minimize or excuse his conduct and receive an adjustment for acceptance of responsibility. United States v. Ragland, 3 Fed. Appx. 279 (6th Cir. 2001).  Finally, the defendant's failure to make a statement to the probation officer further demonstrates his lack of acceptance of responsibility.  If the defendant was not, or is not, contesting factual guilt why refuse to speak to the probation officer preparing the report?

The second factor for the Court to consider is the defendant's voluntary termination or withdrawal from criminal conduct or associations.  The defendant did not voluntarily terminate his criminal conduct.  He fled to Washington, D.C., after murdering Officer Hurst.  He surrendered only when confronted by a number of Columbus Police officers.

3

The third factor to be considered is voluntary payment of restitution prior to adjudication of guilt.  The defendant did not do this. In fact, it appears that he spent nearly $300,000 in proceeds from the first three robberies in the approximately 50 weeks between January 21, 2004 and January 6, 2005.

The fourth factor to be considered is voluntary surrender to authorities promptly after commission of the offense.  The defendant did not do this either.  As noted above, the defendant made good his escape after each of the first three robberies and continued on his spree until Officer Hurst shot him on January 6, 2005.  He fled and did not turn himself in after he learned that Officer Hurst had died.  He surrendered only when confronted by a number of uniformed Columbus Police officers in a house where he was hiding.

The fifth factor is voluntary assistance in the recovery of the fruits and instrumentalities of the offense.  The defendant was of no assistance in recovering the fruits of the offenses, since he spent all the money, nor was he of assistance in recovering the firearm used to commit the robberies and to kill Officer Hurst.

The sixth factor is not relevant to the defendant.

The seventh factor is post-offense rehabilitative efforts. The United States is unaware of any such efforts or the sincerity of any such efforts.

4

The eighth factor is the timeliness of the defendant's conduct in manifesting acceptance of responsibility.  The United States submits that the defendant has done little if anything to demonstrate his acceptance of responsibility in either a timely or an untimely manner.

Application Note 2 to §3E1.1 U.S.S.G. states in relevant part:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.  Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction.  In **rare** situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial... In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct. (Emphasis added).

The United States was required to prove all the elements of all the offenses charged in the Indictment.  In this case, the only expression of remorse from the defendant was for the murder of Officer Hurst. The United States believes this expression of remorse is more accurately an expression of concern for the defendant's personal safety and what the consequences of his acts are going to be for him.  The defendant expressed little, if any, remorse for the three armed bank robberies committed prior to January 6, 2005.  In fact defendant claimed he committed those

5

robberies in order to take care of his family, further minimizing his culpability.

For all the foregoing reasons the United States submits that the defendant has failed to establish by a preponderance of the evidence that he has accepted responsibility.

In his fifth objection the defendant objects to the inclusion of victim impact information in the PSIR.  As noted in the PSIR the United States agrees that this information should be included. In any event, it does not affect the advisory guideline range for Counts One through Six.

In his sixth objection the defendant requests the Court to ignore the clear language of 18 U.S.C. §924(c) and case law interpreting that language.  The defendant was convicted of brandishing a firearm during an armed bank robbery in Counts Two and Four and was convicted of discharging a firearm during an armed bank robbery in Count Six.  According to 18 U.S.C. §924(c)(1)(A)(ii) the defendant must receive a sentence of seven (7) years for his conviction of Count Two; and according to 18 U.S.C. §924(c)(1)(C)(ii) second or subsequent convictions, as in Counts Four and Six, require twenty-five (25) year sentences. Finally, according to 18 U.S.C. §924(c)(1)(D)(ii) the sentences for those offenses must be served consecutive to any other sentences imposed on the defendant.  This interpretation of the statute was accepted by the Supreme Court and the Sixth Circuit

as related to an earlier version of 18 U.S.C. §924(c). <u>Deal v. United States</u>, 508 U.S. 129 (1993) and <u>United States v. the Livingston</u>, 941 F.2d 431 (6th Cir. 1991).

The sentences imposed for Counts Two, Four, and Six must be imposed to run consecutive to each other and the sentences already imposed in Counts Seven and Eight. This would mean a term of imprisonment of seven (7) years for Count Two, and separate consecutive terms of twenty-five (25) years for Counts Four and Six, for a total of fifty-seven years in addition to the terms already imposed for Counts Seven and Eight.

In his seventh objection the defendant claims that he should receive a downward departure based on his cooperation with law enforcement and the fact that some members of the jury found, by a preponderance of evidence, the existence of mitigating factors during the sentencing portion of the trial for Counts Seven and Eight. The United States submits that because the defendant's objection does not mention which section of the sentencing guidelines he relies on to justify a departure it cannot respond. If the defendant believe that his post-arrest statements amount to "substantial assistance" the United States does not agree and does not intend to file any motion for downward departure.

In his eighth objection the defendant objects to the sentencing recommendation made by the probation officer. The United States agrees that the probation officer has the right to

make a sentencing recommendation, and in this case the United States agrees with that recommendation. The Court may, pursuant to 18 U.S.C. §3584, order whatever sentence is imposed for Counts One, Three, and Five to be served either concurrent or consecutive to the sentences imposed in Counts Two, Four, Six, Seven, and Eight.

Finally, pursuant to 18 U.S.C. §3771(a)(4) the United States notifies the Court that a number of victims and/or witnesses to the offenses for which the defendant has been convicted wish to be present and make a statement prior to imposition of sentence in this case. Government counsel will notify the Court as soon as possible how many such victims and/or witnesses it anticipates will appear and make a statement.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney

    s/David M. DeVillers
    DAVID M. DEVILLERS (0059456)
    Assistant United States Attorney

    s/Michael J. Burns
    MICHAEL J. BURNS (0023446)
    Assistant United States Attorney
    303 Marconi Boulevard, 2nd Floor
    Columbus, Ohio 43215
    (614) 469-5715

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 4th day of August, 2006 on Kort W. Gatterdam and Diane M. Menashe, Attorneys for Defendant by ECF filing.

                                            s/Michael J. Burns
                                            MICHAEL J. BURNS (0023446)
                                            Assistant United States Attorney