IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case Number 2:05-CR-00011 |
| | ) | |
| | ) | JUDGE GREGORY L. FROST |
| DARYL LAWRENCE | ) | |
| Defendant | ) | |

**DEFENDANT DARYL LAWRENCE'S MOTION FOR APPOINTMENT OF COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255 AND 18 U.S.C. 3599(a)(2), AND INCORPORATED MEMORANDUM**

Comes now Daryl Lawrence, through undersigned counsel, and pursuant to 18 U.S.C. § 3599(a)(2), moves this Honorable Court to appoint counsel to represent Mr. Lawrence in his post-conviction proceedings under 28 U.S.C. § 2255.  Mr. Lawrence moves for the appointment of the Office of the Federal Capital Habeas Project of the Federal Defender for the District of Maryland, and specifically Miriam Gohara, an Assistant Federal Defender in that Office. The grounds for this request are set forth in the following memorandum.

Respectfully submitted,

/s/ Miriam Gohara
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender, District of
        Maryland CT Office
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
E-mail: Miriam_Gohara@fd.org

1

## MEMORANDUM

1. In the above captioned case, after trial, a jury found Mr. Lawrence guilty of Counts One through Eight of the indictment against him (Doc. 196) and recommended that he be sentenced to death on Count Eight. (Doc. 214). Pursuant to the jury determinations, this Court imposed a sentence of death against Mr. Lawrence. (Doc. 235).

2. This Court granted a post-trial motion vacating Mr. Lawrence's death sentence on the grounds that the jury's sentencing decisions as to Counts Seven and Eight were inconsistent. (Doc. 258). The United States appealed, and the Sixth Circuit Court of Appeals reversed this Court's order. *United States v. Lawrence*, 555 F.3d 254, 256 (6th Cir. 2009). Mr. Lawrence's direct appeal was subsequently denied by the Sixth Circuit on October 22, 2013. *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013). On December 8, 2014, the United States Supreme Court rejected Mr. Lawrence's Petition for Certiorari. *Lawrence v. United States*, 574 U.S. ___ (Dec. 8, 2014) (Order List).

3. Mr. Lawrence is indigent and lacks the funds to hire an attorney or to pay any costs related to the prosecution of a proceeding under 28 U.S.C. § 2255. Mr. Lawrence has been represented by CJA-appointed counsel in all prior proceedings in this case and has previously established his indigence to the satisfaction of this Court and the Sixth Circuit. There have been no changes in his financial status since that time.

4. Mr. Lawrence has been continuously incarcerated since his arrest, through the pendency of his trial and appeal, and to this date. As a result, not only has he lacked means or funds to bear the costs of the various proceedings in which he has been involved, Mr. Lawrence also lacks the ability to generate any funds for such purposes.

5. Because he is a poor person under a sentence of death, Mr. Lawrence is entitled to the appointment of counsel to assist him in preparing and presenting a motion for relief pursuant to 28 U.S.C. § 2255. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 854-857 (1994). Because the statute of limitations under 28 U.S.C. § 2255 began to run on December 8, 2014, Mr. Lawrence respectfully moves this Court to immediately appoint such counsel learned in the law of capital case proceedings to represent him.

6. Mr. Lawrence respectfully requests that this Court appoint the Office of the Federal Capital Habeas Project of the Federal Defender for the District of Maryland. Specifically, Mr. Lawrence requests that this Court appoint undersigned counsel, Miriam Gohara, an Assistant Federal Defender in that Office.

7. The experience of this office, and Ms. Gohara in particular, substantially exceed the minimum requirements set forth in 18 U.S.C. § 3599(b). Ms. Gohara has been a member in good standing of the New York State Bar since 1998 and has been admitted to practice in the Southern District of Ohio, the Western District of Missouri, the Southern District of New York, the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court. Ms. Gohara possesses fourteen years of capital habeas experience and extensive knowledge of substantive criminal and habeas corpus law. She also possesses extensive experience investigating, preparing, and litigating capital post-conviction cases, with particular expertise in capital § 2255 litigation. Ms. Gohara and her colleagues won relief in the capital § 2255 case of *United States v. David Jackson*, No. 1:09-CV-01039-RC (E.D. Tex.), where the case was settled by agreement with the Government, and Mr. Jackson was resentenced to life without the possibility of release. She has co-counseled two capital habeas cases in the United States Supreme Court, *Banks v. Dretke*, 540 U.S. 688 (2004) and *House v. Bell*, 547 U.S. 518 (2006), both of which resulted in grants of relief

3

for the petitioners. She has also won habeas relief in the Eleventh Circuit in *Williams v. Allen*, 542 F.3d 1326 (11th Cir. 2008), and participated in the appeal in the Fifth Circuit following remand from the U.S. Supreme Court in *Banks v. Dretke*, 383 F.3d 272 (2004).

8. The appointment of Ms. Gohara will bring with it the full resources of the Federal Capital Habeas Project ("the § 2255 Project"). In 2006, the Judicial Conference of the United States Committee on Defender Services determined that there was a need for an entity to assist individuals under federal death sentence in capital § 2255 proceedings. Since that time it has provided funding to the § 2255 Project, a small group of lawyers and support personnel who train and advise lawyers nationwide and also provide direct representation in federal capital habeas cases. This group is hosted administratively by the Office of the Federal Public Defender for the District of Maryland, but it is national in scope.[1] It receives dedicated funding from the Administrative Office of the U.S. Courts for the purpose of providing direct representation in capital § 2255 proceedings. It would provide services in Mr. Lawrence's case at no cost to the Court; it will not seek CJA fees for attorney time and will have its own budget for expert services, which will reduce the Court's administrative burden for capital case budgeting.

9. The need for qualified, experienced counsel is particularly great in federal capital habeas proceedings. Capital § 2255 cases tend to be large in scope and highly complex, and they are distinct in both practice and procedure from non-capital § 2255 and capital § 2254 litigation. Whereas other counsel might require funding from the Court for training and consultation related to familiarizing themselves with capital § 2255 practice, the § 2255 Project's attorneys possess specialized expertise in this area of the law and are familiar with practices and legal developments

---

[1] While the § 2255 Project is administratively hosted by the Federal Public Defender for the District of Maryland, it has staff in several different locations. Ms. Gohara's physical office is in New Haven, Connecticut.

in capital § 2255 cases across the country.[2] The § 2255 Project's experience, including familiarity with the complex legal procedure for this highly specialized area of law, will also help ensure that Mr. Lawrence's case is litigated cost-effectively.

10. In addition to across-the-board cost reduction, the appointment of the § 2255 Project in Mr. Lawrence's case would result in savings in key case-specific areas. First, the main office for the § 2255 Project's staff is in Greenbelt, Maryland, which is right outside Washington, D.C., where Mr. Lawrence spent some time immediately after the offense and before his arrest. To the extent that locating witnesses and obtaining records relating to Mr. Lawrence's time in Washington, D.C. is required, the § 2255 Project's proximity would reduce associated costs. By the same token, a key penalty phase expert in Mr. Lawrence's case is a sociologist who now teaches at Yale University, which is in New Haven, Connecticut, where Ms. Gohara's office is. Any investigation required in that area would be convenient and cost-effective. Furthermore, Mr. Lawrence is incarcerated at the U.S. Penitentiary in Terre Haute, Indiana, which houses federal death row prisoners. Because the § 2255 Project's staff regularly travels to death row, costs associated with client visits would be minimal.

11. Per the protocol established by the Administrative Office of the U.S. Courts for out-of-district defender appointments, the Honorable Chief Judge R. Guy Cole, Jr., has been notified of this request and has no objection to the appointment of Ms. Gohara and the § 2255 Project in Mr. Lawrence's case.

12. Mr. Lawrence has been consulted about this matter and he also requests that Ms. Gohara and the § 2255 Project be appointed in his case.

---

[2] Although Ms. Gohara is a member of this Court, it is not unusual for out-of-district counsel, and particularly Federal Public Defenders, to appear in these capital post-conviction cases. Because opposing counsel nationwide are all associated with and generally assisted by the Department of Justice, the practice across jurisdictions tends to be similar, and there are no state law concerns at issue. Involvement of institutional defenders is also often advantageous given the size of the cases.

13. Mr. Lawrence also notes that, because his Petition for Certiorari in the above captioned case was denied on December 8, 2014, the limitations period for filing of his § 2255 motion has begun to run. Thus, Mr. Lawrence respectfully requests that this Court make its appointment of counsel as soon as possible so as to give Mr. Lawrence the full benefit of the statute of limitations.

14. The ends of justice will best be served by the Court granting the relief sought in this motion.

WHEREFORE, Daryl Lawrence respectfully requests that, pursuant to 18 U.S.C. § 3599(a)(2), this Honorable Court grant the foregoing Motion and appoint the Office of the Federal Capital Habeas Project of the Federal Defender for the District of Maryland, and specifically undersigned counsel Miriam Gohara, an Assistant Federal Defender in that Office, to represent Mr. Lawrence in his post-conviction proceedings under 28 U.S.C. § 2255.

Respectfully submitted,

/s/ Miriam Gohara
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender, District of
    Maryland CT Office
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
E-mail: Miriam_Gohara@fd.org

6

### *CERTIFICATE OF SERVICE*

I hereby certify that an exact copy of the foregoing was sent on December 11, 2014 through the Court's ECF system to:

David DeVillers, Esq.
Michael John Burns, Esq.
United States Attorney's Office
303 Marconi Blvd, Suite 200
Columbus, Ohio 43215
Email: dave.devillers@usdoj.gov
Email: michael.burns@usdoj.gov

/s/ Miriam Gohara
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender, District of
    Maryland CT Office
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
E-mail: Miriam_Gohara@fd.org

7