**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CASE NO.   2:05-CR-011** |
| | **:** | **JUDGE FROST** |
| **DARYL LAWRENCE** | **:** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY, MOTION FOR EXCULPATORY AND IMPEACHMENT
INFORMATION, AND MOTION FOR SUBOENAS TO PRODUCE DOCUMENTS
INFORMATION OR OBJECTS**

COMES NOW the United States of America, by and through counsel, and hereby Responds to Defendant Daryl Lawrence's ("Defendant") motions for discovery prior to filing a Motion to Vacate Pursuant to 28 U.S.C. § 2255.  Defendant has moved the Court for leave to conduct pre-motion discovery, (Motion for Leave to Conduct Discovery, ECF Doc. No. 323, PAGEID ## 6587-6609), for this Court to order the United States to disclose exculpatory and impeachment information, (Motion for Exculpatory and Impeachment Information, ECF Doc. No. 320, PAGEID ## 6551-65), and for this Court for subpoenas to produce documents, information or objects. (Motion for Subpoenas for Documents, Information or Objects, ECF Doc. No. 321, PAGEID ## 6566-85)   The United States opposes these motions and submits that all three should be denied.

**I.     BACKGROUND**

After being sentenced to death in 2006 for a number of bank robberies involving violence and a resulting death, Defendant appealed his convictions and sentences, including life imprisonment and the death penalty. (Order, ECF Doc. No. 216; Judgment, ECF Doc. No. 235; Notice of Appeal, ECF Doc. No. 237 and 264). By December 9, 2014, Defendant's appeals were

denied. (See Court of Appeals Order and Judgment, ECF Doc. No. 296; Mandate, ECF Doc. No. 297; Denial of Petition for Writ of Certiorari, ECF Doc. No. 299).

On December 12, 2014, this Court appointed counsel for Defendant's post-conviction review. (Order, ECF Doc. No. 300). On November 2 and 9, 2015, Defendant's counsel filed these three motions for discovery. (ECF Doc Nos. 320, 321, and 323.   Significantly, Defendant has not filed a motion pursuant to 28 U.S.C. § 2255 in this case.

On October 28, 1015, the counsel for the United States met with Defendant's counsel and permitted the inspection and copying of the entire case file (which is identical to the material that is currently marked Government's Exhibit 50).   At that time, Defendant's counsel indicated that several video and audio CDs previously turned over to trial counsel in discovery were unavailable. As a result, the United States agreed to copy and redistribute the video and audio CDs and provide them to Defendant's current counsel.

## II.    MOTION FOR LEAVE TO CONDUCT "PRE-MOTION" DISCOVERY

In general, habeas petitioners are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Indeed, Rule 6 of the *Rules Governing Section* 2255 *Proceedings for the United States District Courts* ("Habeas Rule 6") provides for discovery under both the Federal Civil and Criminal Rules of Procedure. Habeas Rule 6.   However, leave of court is required and may be granted only upon a showing of good cause. Habeas Rule 6(a).   Also, the reasons for the discovery requests, including the submission of proposed interrogatories, requests for admission, and specified document requests, is required. Rule 6(b).   Rule 6 is equally applicable to motions pursuant to §§ 2255 and 2254. Habeas Rule 11.

Significantly, however, § 2255 does not contemplate pre-motion discovery and pre-motion discovery requests (nor do § 2254 pre-petition discovery motions), and, therefore, they are not permitted. *See Calderon v. U.S. Court for the Northern Dist. of Cal.*, 98 F.3d 1102 (9th Cir. 1997).

In order for Defendant to request discovery under Habeas Rule 6, he must first file a motion pursuant to § 2255.   Moreover, it is improper for Defendant to seek discovery for the purpose of preparing and filing a motion for relief pursuant to 28 U.S.C § 2255. *See, e.g., Puglisi v. United States*, 589 F.3d 209, 213 (2d Cir. 2009).

The United States has found no authority permitting discovery prior to filing a motion for post-conviction relief under § 2255.   Because Defendant has not filed a motion pursuant to § 2255, he is not permitted to conduct pre-motion discovery.   Defendant's motions are nothing more than a fishing expedition prior to filing a motion to vacate pursuant to § 2255.   As such, this Court need not consider whether good cause exists for discovery in this case at this time because the question is not ripe for consideration.   Should Defendant file a motion under § 2255, discovery can be requested at that time.

Defendant's reliance upon *Mayle v. Felix*, 545 U.S. 644 (2005), for the proposition that pre-motion discovery should be permitted in this case, is without merit and unsupported. Defendant cites no authority to support the assertion that pre-motion discovery be permitted to get around the "relate back" requirement for § 2255 motions.   Further, the Habeas Rule's specifically provide for discovery upon leave of the Court, expansion of the record, an evidentiary hearing, appellate review, and the possibility of a second or successive § 2255 motion. Fed. R. Civil and Crim. Proc.; Habeas Rule's 6-9, 11.   Defendant's attempt to change the rules to suit him should not be permitted.

Therefore, Defendant's Motion for Leave to Conduct Discovery, (ECF Doc. 323), should be denied.

## III.    EXCULPATORY AND IMPEACHMENT INFORMATION

For the reasons set forth herein and in section II. above, Defendant's Motion for Exculpatory and Impeachment Information, (ECF Doc. 320), should be denied.

In addition, before trial, prosecutors must disclose all substantial material evidence favorable to the defense. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  During collateral proceedings, courts may order discovery when they conclude "that it is necessary . . . in order that a fair and meaningful evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (emphasis added).  A broad-ranging preliminary inquiry is neither necessary nor appropriate in collateral proceedings. *Harris*, 394 U.S. at 297.  To demonstrate good cause for discovery, the petitioner must give the court reason to believe that, if the facts alleged are fully developed, the petitioner will be able to show that he is entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 906-09 n.10 (1997); *see Webster*, 392 F.3d at 802.

Before Defendant's trial in 2006, the United States turned over any and all *Brady* material to defense counsel.   In fact, trial counsel and the Court received the entire case file including all witness statements and reports.   This included witness statements and reports not used in Defendant's trial.   This production was beyond that required by the rules of discovery, the Jencks Act*, Giglio v United States*, 405 U.S. 150 (1972) and *Brady*.

Specifically, immediately after the death qualification of the jury and prior to opening statements, the following discussion took place:

> MR. DEVILLERS:   Yes, Your Honor.   I brought down two boxes containing, basically, what I will refer to as the case file in this case.   They are identical boxes. I gave the opportunity to defense counsel to go through them to make sure that they are identical, and I believe they have agreed to that?
>
> THE COURT: MR. Gotterdam?
>
> MR. GOTTERDAM: Yes, that's correct, Your Honor.
>
> MR. DEVILLERS:   I have then marked the box that will be sealed for appellate purposes as Government's Exhibit 50, and that's what Scott has not, Your Honor.

(Trial Transcript, Vol. 5, ECF No. 279, at. 209).

In addition, although discovery is not permitted prior to filing of a § 2255 motion, on October 28, 2015, the United States provided Defendant's counsel the entire case file (identical to the material that is currently marked Governments Exhibit 50), and agreed to provide missing CDs, thereby demonstrating that Defendant's motions for discovery and other documents are premature. Defendant certainly has enough information to file a motion pursuant to § 2255 motion because he is in possession of discovery produced prior to trial and all information disclosed pursuant to *Brady* and *Giglio*. Thus, any order by this Court order to disclose exculpatory and impeachment evidence would be moot. And, for these very reasons, even assuming discovery is permitted before Defendant files a § 2255n motion, Defendant has failed to demonstrate good cause.

Because pre-motion discovery is not permitted and any order disclosing exculpatory and impeachment evidence will be moot, Defendant's motion for such evidence (ECF No. 320), should be denied.

## IV.    REQUEST FOR COURT ORDERED SUBPOENAS

For the reasons set forth herein and sections II. and III. above, Defendant's Motion for Subpoenas to Produce Documents, Information or Objects (ECF Doc. 320), should also be denied.

With respect to Court issued subpoenas, the rules following § 2255 do not authorize any free standing subpoena power. Indeed, subpoenas are not intended as a discovery device. *United States v. Nixon*, 418 U.S. 683, 689, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir.1988); *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D.Ariz.2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."). In fact, subpoenas must reference the time and place when the witness must testify or produce documents. Some courts have held that the court has discretion to require production of documents by subpoena duces

tecum prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir.1979), cert. denied, 444 U.S. 1019, 100 S.Ct. 673, 62 L.Ed.2d 649 (1980); *United States v. Parker*, 586 F.2d 422 (5th Cir.1978), cert. denied, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979); *United States v. Murray*, 297 F.2d 812 (2nd Cir.1962), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962).  But given that the court has not ordered a hearing, and cannot do so before the government has had an opportunity to respond to the § 2255 allegations (if filed), a subpoena's true use, just as Defendant's other two pending motions, is nothing other than a speculative fishing expedition.  Indeed, Defendant should not be able to circumvent the Habeas Rules by requesting Court issued subpoenas.  As a result, Defendant's Motion for Subpoenas for Documents, Information, or Objects, (ECF Doc. No. 321), should also be denied.

## V.      CONCLUSION

The United States respectfully requests that this Court deny Defendant's motions because (1) Defendant is not permitted to obtain discovery prior to filing a motion pursuant to 28 U.S.C. § 2255; (2) Defendant's current counsel is in possession of all discovery in this case, including *Brady* and *Giglio* materials, i.e., the entire case file; and (3) Court issued subpoenas are not the proper way to conduct discovery in these circumstances.   Should Defendant file a post-conviction motion for relief pursuant to § 2255, Defendant may request discovery pursuant to Rule 6 at that time.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/David M. Devillers
DAVID M. DEVILLERS (0059456)
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served this 16th day of November, 2015, electronically on all counsel of record.

s/David M. Devillers
DAVID M. DEVILLERS (0059456)
