IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case Number 2:05-CR-00011 |
| | ) | |
| | ) | JUDGE GREGORY L. FROST |
| DARYL LAWRENCE | ) | |
| Defendant | ) | |

**MOVANT DARYL LAWRENCE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR LEAVE TO CONDUCT DISCOVERY, MOTION FOR EXCULPATORY AND IMPEACHMENT INFORMATION, AND MOTION FOR SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

Comes now Daryl Lawrence, respectfully and through undersigned counsel, and replies to the Government's Response (ECF Doc. No. 325) to Mr. Lawrence's *Motion for Leave to Conduct Discovery* (ECF Doc. No. 323), *Motion for Exculpatory and Impeachment Information* (ECF Doc. No. 320), and *Motion for Subpoenas to Produce Documents, Information or Objects* (ECF Doc. No. 321).

The Government argues that all three of Mr. Lawrence's motions should be denied on the ground that discovery is not available under Habeas Rule 6 before Mr. Lawrence files a motion pursuant to 28 U.S.C. § 2255. Gov't Resp. at 2-3, 5. The Government further argues that Mr. Lawrence should instead wait until after his § 2255 is filed to request discovery. *Id.* at 6. The Government's objection regarding the legal availability of "pre-motion" discovery pursuant to Habeas Rule 6 was already anticipated and briefed in Mr. Lawrence's initial motion for

discovery.[1] The undersigned files this reply primarily to correct several misimpressions made in the Government's response.

First, the Government states that the request for discovery is moot because on October 28, 2015, Mr. Lawrence's counsel were permitted to inspect and copy "the entire case file (which is identical to the material that is currently marked Government's Exhibit 50)." Gov't Resp. at 2; *id.* at 5.[2] The Government's use of the phrase "entire case file" is somewhat confusing. What defense counsel were shown on October 28, 2015, appeared to be only a *subset* of the Government's entire case file – namely, a duplicate set of the pre-trial discovery that was previously provided to trial counsel. Mr. Lawrence's request for discovery, however, seeks access to the Government's *entire* investigative case file, not merely the subset of documents from that file that were produced in pre-trial discovery. Thus, Mr. Lawrence's request for discovery is not "moot," *id.* at 5, as the files the Government produced for inspection on October 28th constitute only a subset of the universe of documents that Mr. Lawrence seeks to discover.[3]

Second, during the October 28th meeting at the U.S. Attorney's Office in Columbus, Assistant United States Attorney David DeVillers escorted Attorney Morris Moon Paralegal Kim Taylor to a storage room to retrieve the box of documents which Mr. Moon and Ms. Taylor were ultimately permitted to inspect. While in that storage area, Ms. Taylor observed at least four

---

[1] See *Motion for Leave to Conduct Discovery and Incorporated Memorandum* (ECF Doc. No. 323) at 2-3.

[2] As the undersigned has not reviewed Government Exhibit 50, which remains sealed, Mr. Lawrence cannot comment on whether or not it is identical to the box shown to postconviction counsel.

[3] Although the Government describes the discovery requests as a "speculative fishing expedition," Gov't Resp. at 6, there is good cause for the requests; for example, the postconviction investigation conducted by Mr. Lawrence's counsel thus far has uncovered that there is at least one law enforcement interview with a witness to the 2005 Fifth Third Bank shooting that was never disclosed and has yet to be produced.

other boxes that were labeled in a manner indicating that they contained materials related to the Government's prosecution against Mr. Lawrence. The contents of those boxes were not disclosed to counsel and the undersigned remains ignorant as to what they may contain. Thus, it is apparent to counsel that the U.S. Attorney's case file is larger than simply the single bankers box of materials that was produced for inspection on October 28th.

Third, the Government notes that during the October 28th meeting with defense counsel, it agreed to provide missing video and audio CDs that had previously been provided to trial counsel. Gov't Resp. at 2, 5. To date, defense counsel have not yet received those materials.

Respectfully submitted,

/s/ Miriam Gohara
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
E-mail: Miriam_Gohara@fd.org

**CERTIFICATE OF SERVICE**

       I hereby certify that an exact copy of the foregoing was sent on November 23, 2015 through the Court's ECF system to:

David DeVillers, Esq.
Michael John Burns, Esq.
United States Attorney's Office
303 Marconi Blvd, Suite 200
Columbus, Ohio 43215
Email: dave.devillers@usdoj.gov
Email: michael.burns@usdoj.gov

                                    /s/ Miriam Gohara
                                    Miriam Gohara (NY2903243)
                                    Federal Capital Habeas Project
                                    Federal Public Defender, District of
                                        Maryland CT Office
                                    265 Church St., Suite 702
                                    New Haven, CT 06510
                                    301.344.2337 (phone)
                                    301.344.0019 (fax)
                                    E-mail: Miriam_Gohara@fd.org