IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                     Case No.  2:05-CR-011
                                          JUDGE GREGORY L. FROST

DARYL LAWRENCE,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Exculpatory and Impeachment Information (ECF No. 320); Defendant's Motion for Subpoenas to Produce Documents, Information or Objects (ECF No. 321); and Defendant's Motion for Leave to Conduct Discovery (ECF No. 323).  Also before the Court are the Government's Response to all three motions (ECF No. 325) and Defendant's Reply (ECF No. 326).

Defendant was convicted in connection with his commission of four bank robberies.  The last of those robberies, on January 6, 2005, resulted in the murder of Bryan Hurst, an off-duty Columbus Police officer who was working as a bank security guard.  (ECF No. 9.)  Following the trial and an eligibility hearing, Defendant was sentenced to death.  (ECF No. 216.)  The judgment of conviction and sentence against Defendant became final on December 9, 2014, when the Supreme Court of the United States denied certiorari.  (ECF No. 299.)  On December 12, 2014, this Court granted Defendant's motion, pursuant to 18 U.S.C. § 3599(a)(2) and 28 U.S.C. § 2255, to appoint counsel[1] for the purpose of pursuing postconviction relief.  (ECF No.

---

    [1]  The Court appointed Miriam Gohara, Assistant Federal Defender, Office of the

1

301.)

Defendant, who has not yet filed a Petition for § 2255 relief, is before the Court asking for leave to conduct discovery.  (ECF Nos. 320, 321, 323.)  Defendant seeks materials in the possession of federal, state, and/or local authorities, as well as other private entities that conducted investigates, that Defendant believes will support claims of ineffective assistance of counsel and prosecutorial misconduct.  Specifically, Defendant seeks materials that are inconsistent with or would otherwise undermine the Government's theory of the case that Defendant "shot Officer Hurst execution-style from close range while he was crouched defensively behind the teller counter" and that would bolster Defendant's position "that the fatal shooting occurred during a chaotic exchange of gunfire as [Defendant] attempted to flee the bank[.]"  (ECF No. 321, at Page ID # 6575.)  Defendant also seeks materials in connection with alleged juror misconduct, the Government's alleged discriminatory use of peremptory challenges, and the Government's decision to prosecute Defendant federally.  (ECF No. 323, at Page ID # 6594-6608.)  Defendant requests the entire FBI investigative file pertaining to him and the four bank robberies he was convicted of committing; each bank's internal investigative file; and the entire investigative file of Columbus Police Department pertaining to Defendant and the bank robberies.  (ECF No. 321, at Page ID # 6574-6584.)  Defendant also asks for specific materials in the possession of the United States Attorney's Office for the Southern District of Ohio.  (ECF No. 323, at Page ID # 6594-6608.)

It is well settled that "[t]here is no automatic right to discovery in connection with the preparation of a § 2255 motion."  *United States v. Gabor*, No. 1:10cr387, 2015 WL 3540058, at

---

Federal Capital Habeas Project of the Federal Defender for the District of Maryland.

2

* 2 (N.D. Ohio, East. Div. Jun. 4, 2015) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).  In *Cornell v. United States*, the Sixth Circuit explained:

> Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant to conduct discovery upon a showing of good cause.  Good cause is established " 'where specific allegations … show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate' " entitlement to relief.  *Bracy v. Gramley*, 520 U.S. 899, 980-09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1959)); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

472 F. App'x 352, 354 (6th Cir. 2012).

Federal courts rarely permit pre-petition discovery.  *See, e.g., Calderon v. U.S. Dist. Court for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("We conclude that pre-petition discovery is impermissible for at least four reasons."); *see also United States v. Tamayo*, 238 F.3d 425, 2000 WL 1871673, at * 1 (6th Cir. 2000) (finding that district court did not abuse discretion in denying motion for grand jury materials where motion was filed well after judgment became final and because the defendant was "not entitled to discovery prior to filing a motion for post-conviction relief."); *Orbe v. True*, 201 F. Supp. 2d 671, 677-80 (E.D. Va. 2002) ("In the end, the inescapable fact is that prepetition discovery is neither specifically allowed nor contemplated by the Habeas Rules or the Federal Rules of Civil Procedure.").  As the district court in *Orbe* explained:

> Only the Ninth Circuit has squarely addressed the issue, determining that prepetition discovery is impermissible.  *See Calderon v. United States District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996).  The Ninth Circuit offered four reasons for its ruling in *Calderon*, each of which was held independently sufficient to deny prepetition discovery in that case: (i) a district court cannot determine the propriety of discovery until a prisoner has outlined the factual allegations in his petition; (ii) the petition must contain unexhausted claims capable of review in federal court; (iii) discovery is not available to conduct a fishing expedition based on mere speculation; and (iv) discovery under Habeas

3

>Rule 6 is limited to "the processes of discovery available under the Federal Rules of Civil Procedure," which rules do not permit precomplaint discovery.

*Orbe*, 201 F. Supp. 2d at 677.

The Court finds Defendant's motions to be not well-taken because he has not demonstrated that pre-petition discovery is warranted or even permissible.  Defendant "acknowledges that historically some court have not permitted Rule 6 discovery prior to the filing of the § 2255 motion … and that such pre-motion discovery is still generally disfavored by the courts[.]"  (ECF No. 321, at Page ID # 6567-6568; ECF No. 323, at Page ID # 6588-6589.) Defendant proceeds to argue, however, that such case law is not controlling because a strict one-year statute of limitations period requires him to timely plead any and all cognizable claims and because "strictures imposed on habeas litigants by *Mayle v. Felix*, 545 U.S. 644, 650 (2005)" may render time-barred any additional facts or claims that Defendant may seek to add to an original § 2255 motion.  (ECF No. 321, at Page ID # 6568; ECF No. 323, at Page ID # 6589.) The Court is not persuaded.

Rule 2(c) of the Rules Governing Section 2255 Cases requires a movant to specify all grounds for relief available and to state the facts supporting each ground.  It is evident from the arguments Defendant sets forth in his motions that he is in possession of sufficient information to comply with Rule 2(c)'s pleading requirements.  Moreover, although nothing from this decision should be construed as a guarantee that Defendant will be permitted to amend his § 2255 motion, the fact remains that the Sixth Circuit favors a " 'liberal policy of permitting amendments to insure the determination of claims on their merits.' "  *Sims v. United States*, Crim. No. 3:05-CR-121, Civ. No. 3:14-CV-316, 2015 WL 2338539, at *2 (W.D. Ky. May 13, 2015) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

4

The Court further notes that in addition to the considerable amount of pre-trial discovery that the Government liberally provided Defendant (ECF No. 325, at Page ID # 6614-6615), the Government also recently provided Defendant's counsel the entire case file and certain missing CD's (*Id.* at Page ID # 6615). Even if Defendant takes issue with whether the materials the Government recently disclosed constitute the full universe of materials that exist and/or to which Defendant believes he is entitled (ECF No. 326, at Page ID # 6619-6620), that dispute is premature. The fact remains that Defendant is clearly in possession of more than enough information to meaningfully plead claims of constitutional error in any § 2255 motion. *See, e.g., Orbe*, 201 F. Supp. 2d at 679-80 (rejecting argument that pre-petition discovery was warranted in a capital habeas case to permit movant to comply with the requirement that he plead with specificity the facts and law supporting his claims of constitutional error).

Without a formal § 2255 motion before it, this Court cannot fulfill its requirement to determine whether Defendant has satisfied Rule 6's "good cause" standard. Even if Defendant's motions set forth certain proposed grounds and outline the facts underlying those grounds, those motions nonetheless leave the Court unable to determine among other things whether the hinted-at grounds are fully exhausted and not procedurally defaulted. Defendant cites no authority permitting pre-petition discovery. The Government states that it "found no authority permitting discovery prior to filing a motion for post-conviction relief under § 2255." (ECF No. 325, at Page ID # 6613.) The case law this Court reviewed persuades it that federal courts do not have authority to order pre-petition discovery. *See, e.g., Calderon*, 98 F.3d at 1102 ("We conclude that pre-petition discovery is impermissible…."); *Tamayo*, 2000 WL 1871673, at *1 ("he is not entitled to discovery prior to filing a motion for post-conviction relief."); *Orbe*, 201 F. Supp. 2d

5

at 677-81 ("the inescapable fact is that prepetition discovery is neither specifically allowed nor contemplated by the Habeas Rules of the Federal Rules of Civil Procedure."). [2]

For the foregoing reasons, the Court **DENIES** without prejudice Defendant's Motions for Exculpatory and Impeachment Information (ECF No. 320); for Subpoenas to Produce Documents, Information or Objects (ECF No. 321); and for Leave to Conduct Discovery (ECF No. 323).

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court bases its decision denying Defendant's motions on authority disfavoring pre-petition discovery, the Court expresses no opinion on the merits of Defendant's requests or the Government's argument that the Rules Governing Section 2255 Cases do not authorize subpoena power (ECF No. 325, at Page ID # 6615).