IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number 2:05-CR-00011 |
| v. | ) | |
| | ) | JUDGE GREGORY L. FROST |
| DARYL LAWRENCE | ) | |
| | ) | Magistrate Judge Terence K. Kemp |
| Defendant. | ) | |

DEFENDANT'S REQUEST TO SET AN INITIAL PERIOD FOR DISCOVERY

In advance of the status conference before the Court on January 11, 2016, undersigned counsel submits the following scheduling proposal. Specifically, counsel, on behalf of Daryl Lawrence, requests that this Court enter an order that provides for an initial time period within which Mr. Lawrence may file discovery requests with the Court before the Government is required to file pleadings responsive to his § 2255 Motion.  Counsel believes they will be able to file these requests within 90 days and therefore moves the Court to grant Mr. Lawrence until April 11, 2016, to do so.  The bases for Mr. Lawrence's request are explained in the accompanying memorandum.

Respectfully submitted,

/s/ Miriam Gohara_____
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender, District of
Maryland, CT Office
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
E-mail:  Miriam_Gohara@fd.org

**MEMORANDUM**

Several factors in Mr. Lawrence's case militate in favor of allowing factual development to proceed in this federal capital case before the Government is required to file pleadings responsive to his § 2255 Motion.[1] Given the District Court's familiarity with the procedural history of this case, Mr. Lawrence summarizes relevant aspects of it only briefly.

## A. Relevant Procedural History

Mr. Lawrence was sentenced to death in 2006 after being convicted of three armed bank robberies, and of an attempted armed bank robbery that resulted in the death of Columbus Police Officer Bryan Hurst, who was moonlighting as a bank security guard.  (ECF No. 9.) Following a penalty phase hearing, the jury sentenced Mr. Lawrence to death on a single count, Count 8, and to a term of life without possibility of parole on the only other count, Count 7, for which he was death-eligible.  (ECF No. 214.)  The District Court "set aside [the death sentence on Count Eight] on grounds of an arbitrary, inconsistent verdict[]," concluding that the inconsistency "was a product of irrationality."  (ECF No. 258.)

The Government appealed the District Court's sentencing decision to the Sixth Circuit Court of Appeals.  The Court of Appeals reinstated Mr. Lawrence's death sentence, noting that the inconsistent verdicts were not arbitrary, first, because there were more juror votes for mitigating factors with regard to Count 7 than to Count 8, and second, because the Count 8

---

[1] The Federal Capital Habeas Project, for which undersigned counsel is a senior attorney, was established in 2006 when the Administrative Office of the U.S. Courts determined that there was a need for an entity to assist individuals under federal death sentence in capital § 2255 proceedings.  In addition to providing direct representation to a small number of federally death-sentenced litigants, Project members also train and advise lawyers nationwide and provide oversight of all such cases.  As part of this oversight, Project members keep track of all capital § 2255 case dockets and litigation developments and have a broad sense of procedures that have worked most effectively and efficiently in these cases without diminishing the rights of either party.  Undersigned counsel respectfully offers these observations based on the Project's experience, review of other case records, and consultation with capital § 2255 teams across the country.

offense "implicated greater moral culpability" than the Count 7 offense.  (ECF No. 271 at

PAGEID # 2485, 2486.); *United States v. Lawrence*, 555 F.3d 254, 265 (6th Cir. 2009).

Thereafter, Mr. Lawrence filed his direct appeal. The Sixth Circuit Court of Appeals

affirmed.  *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013).  The Supreme Court denied

certiorari review on December 8, 2014.  *Lawrence v. United States*, 135 S.Ct. 753 (2014).

On December 7, 2015, Mr. Lawrence filed a Motion for Collateral Relief, to Vacate, Set

Aside, or Correct Sentence, and for a New Trial, pursuant to 28 U.S.C. § 2255 (hereafter, § 2255

Motion), in which he asserted more than thirty claims for relief.

**B.  Capital Postconviction Cases Brought Pursuant to 28 U.S.C. § 2255 Proceed More Efficiently When Factual Development Is Completed Prior to the Government's Filing Its Responsive Pleadings.**

Capital § 2255 proceedings represent the first opportunity for a federal prisoner to assert

postconviction challenges to the constitutionality of his or her conviction and sentence.  Section

2255 proceedings thus stand in stark contrast to capital cases that arise from state prosecutions,

which are litigated in federal court pursuant to 28 U.S.C. § 2254.

In cases brought pursuant to § 2254, the litigant has already been provided the

opportunity to assert his federal constitutional claims in state court.  Before reaching federal

court, a state prisoner has also had an opportunity to develop the factual bases for his claims

through investigation, often conducted over the course of several years, and through the

discovery permitted under state law.  A § 2254 petitioner may also have presented the evidence

supporting his or her claims in a state-court evidentiary hearing.  In fact, by the time a state

prisoner reaches federal court, the rights to discovery, a hearing, and de novo review of his

claims are constrained by the amount of review and process he has received in state court and the

prior adjudication of those claims by the state courts.[2]  Likewise, during state proceedings, the state has had the opportunity to identify and develop the facts it deems necessary to defend against the petitioner's challenges.  Accordingly, factual development in federal court in § 2254 cases tends to be quite limited.

In contrast, in cases brought pursuant to § 2255, all postconviction fact development occurs in the federal forum.  Initial § 2255 motions must be filed within a strict one-year statute of limitations that begins running as of the date certiorari is denied on direct appeal, a time period during which newly-appointed counsel for the movant needs to learn the record and develop claims through their preliminary investigation.  Moreover, this Court has previously ruled that discovery during this pre-filing period is not generally permitted.  (ECF No.327 at PAGEID # 6624.)

Mr. Lawrence has now asserted more than thirty claims of constitutional violations including, *inter alia*, claims of ineffective assistance of counsel, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), juror misconduct, and other issues.  He will need a grant of discovery to develop the facts necessary to prove these claims, a burden which he bears throughout these proceedings.  In order to gather all relevant facts, Mr. Lawrence will first need to thoroughly review his claims and account for which entities and agencies may possess pertinent information. Mr. Lawrence will then move for discovery from the Government as well as for other discovery that will require Court orders permitting him to obtain information from other entities.

Moreover, the Government is required in § 2255 proceedings to respond to all claims for which Mr. Lawrence has made a *prima facie* showing.  Thus, it is important for the Government

---

[2] *See, e.g., Cullin v. Pinholster*, 563 U.S. 170, 185 (2011) ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.").

to be aware of the full complement of factual support Mr. Lawrence relies on for his claims before filing pleadings responsive to his § 2255 Motion.

Mr. Lawrence respectfully suggests that the most efficient way to proceed at this stage with the above goals in mind would be for this Court to enter a scheduling order that permits Mr. Lawrence to file his discovery requests which, if granted, will allow fuller proof in support of his claims, before the Government is required to file any pleading responsive to Mr. Lawrence's § 2255 Motion.  This will enable the parties to litigate based on a more complete set of facts and will help prevent piecemeal litigation that would result if new or additional facts come to light as the result of discovery that might warrant a different response than the claim as originally pled may have.

Because the length of time it will take to complete discovery depends upon many factors, including the scope of discovery that is ultimately authorized by the Court and the amount of time it takes parties from whom discovery is sought to respond, Mr. Lawrence proposes that dates for the Government to file its responsive pleadings be designated as a time period dating from the conclusion of discovery.

For the foregoing reasons, Mr. Lawrence asks this Court to enter an Order, giving him 90 days from the date of the upcoming status conference, or until April 11, 2016, to file his initial requests for discovery in this case, before setting a schedule for the remaining litigation.

Respectfully submitted,
/s/ Miriam Gohara_____
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender, District of Maryland, CT Office
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
Email: Miriam_Gohara@fd.org

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number 2:05-CR-00011 |
| v. | ) | |
| | ) | JUDGE GREGORY L. FROST |
| DARYL LAWRENCE | ) | |
| | ) | Magistrate Judge Terence K. Kemp |
| Defendant. | ) | |

PROPOSED ORDER

Counsel, on behalf of Defendant, Daryl Lawrence, has requested ninety (90) days within

which to file his initial discovery requests in the above-referenced case.  After due consideration,

this request is **GRANTED**.

It is, therefore, **ORDERED**, that Mr. Lawrence have until April 11, 2016, to file his

initial discovery requests.

Dated:

_____
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I, Miriam Gohara, hereby certify that an exact copy of the foregoing Defendant's Request

to Set an Initial Period for Discovery, and accompanying Proposed Order, was served on the

Government through the Court's ECF system to:

David DeVillers, Esq.
Michael John Burns, Esq.
Mary Beth Young, Esq.
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Email: dave.devillers@usdoj.gov
Email:  michael.burns@usdoj.gov
Email:  mary.beth.young@usdoj.gov

/s/Miriam Gohara
Miriam Gohara (NY2903243)
Federal Capital Habeas Project
Federal Public Defender, District of
    Maryland, CT Office
265 Church St., Suite 702
New Haven, CT 06510
301.344.2337 (phone)
301.344.0019 (fax)
Email:  Miriam_Gohara@fd.org