# Exhibit 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:05-cr-00011-GLF-1 |
| Daryl Lawrence | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Custodian of Records, Federal Bureau of Investigation ("FBI")

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:please see attached

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*

                                      OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Daryl Lawrence
_____ , who issues or requests this subpoena, are:
Miriam Gohara, 265 Church St., Suite 702, New Haven, CT 06510, Miriam_Gohara@fd.org, 301-344-2337

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1. Any communications, documents, or information concerning the nature of Officer Hurst's gunshot injury and the effect that injury would have had on Officer Hurst's ability to move and respond during the shooting incident at Fifth Third Bank.

2. Any communications, documents, or information, including opinions, reports (including interim or amended reports), memoranda, testing results, bench notes, and correspondence concerning the examination of Officer Hurst's uniform shirt.

3. Any communications, documents, or information containing internal written policies and standards for examinations concerning firearms distance determinations testing and guidelines for rendering an opinion.

4. Any communications, documents, and information concerning the decision as to what type of testing to utilize on Officer Hurst's uniform shirt to determine the presence of nitrites or lead.

5. Any color photographs of Officer Hurst's uniform shirt, at all stages of collection and testing.

6. Any communications, documents, or information concerning written procedures (often called Standard Operating Procedures (SOPs)) for firearms distance determinations testing, including procedures for preparation, instrument analysis, instrument calibration, and all required quality control practices.

7. Any communications, documents, or information concerning cases where the Government (or any law enforcement organization or forensic laboratory under its auspices or at its direction) has conducted chemical testing to determine the presence of lead or nitrites in the absence of recovering the firing weapon.

8. A copy of Mark J. Hardy's personnel file and all internal and external proficiency testing results for firearms distance determinations testing administered to him (including sponsoring agency, date(s) performed, responsible analyst, true values, reported results, raw data, scores, related correspondence, and corrective action records, as appropriate).

9. Any communications, documents, or information containing internal written policies and standards for examinations concerning ejection pattern analysis and guidelines for rendering an opinion.

10. Any communications, documents, and information concerning the decision not to conduct an ejection pattern analysis in this case.

11. Any communications, documents, or information concerning cases where the Government (or any law enforcement organization or forensic laboratory under its auspices or at its direction) has conducted ejection pattern analysis in the absence of recovering the firing weapon.

12. Any communications, documents, or information concerning any forensic or crime scene reconstruction analysis about Mr. Lawrence's movements and actions inside Fifth Third Bank based on the locations of the spent .40 caliber shell casings.

13. Any communications, documents, or information concerning physical and forensic evidence that is consistent with the defense theory that Officer Hurst was shot from a distance.

14. Any communications, documents, or information concerning physical and forensic evidence that is consistent with the defense theory that Officer Hurst was standing in the hallway area adjacent to the teller line of the Fifth Third Bank when he was shot.

15. Any communications, documents, or information concerning physical and forensic evidence that is consistent with the defense theory that Mr. Lawrence was shooting toward the hallway area adjacent to the teller line of the Fifth Third Bank.

16. Any communications, documents, or information concerning a crime reconstruction analysis of how the shooting incident occurred.

17. Any communications, documents, or information concerning the number of frames per second that the video-cameras inside Fifth Third Bank recorded.

18. Any communications, documents, or information regarding concerns about the quality of the surveillance footage and/or the accuracy of what it depicted, including information concerning the Fifth Third Bank's video-cameras' frames-per-second recording capacity.

19. Any communications, documents, or information concerning enhancements to the Fifth Third Bank's surveillance footage or to still images taken from the surveillance footage.

20. Any communications, documents, or information identifying all witnesses to the shooting at Fifth Third Bank on January 6, 2005.

21. Any communications, documents, or information concerning any interviews conducted with Michelle Johnson and/or Brian Dickerson regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews.

22. Any communications, documents, or information concerning any statements that Michelle Johnson and/or Brian Dickerson made about the shooting at Fifth Third Bank.

23. Any communications, documents, or information concerning the decision not to call Michelle Johnson or Brian Dickerson as witnesses at Mr. Lawrence's trial.

24. Any communications, documents, or information concerning meetings with the testifying eyewitnesses (Marian Large, Heather Clifton, Andrea Ross, Amanda Goodman, Warren Cox, and Angela Karst), including the dates of such meetings, notes or memoranda regarding statements made by the witnesses, and evidence that was shown to the witnesses.

25. Any and all document's in the possession of the FBI from the CDP's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

26. A complete copy of the FBI's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

27. Any and all document's in the possession of the FBI from the Fifth Third Bank's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

28. Copies of any and all written, audio- or video-recorded statements (as well as transcriptions thereof) of witnesses (both testifying and non-testifying) concerning the Officer Hurst homicide and attempted robbery at Fifth Third Bank.

29. Copies of all rough drafts of reports or rough notes made by the FBI pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and related attempted robbery at Fifth Third Bank.

30. Copies of any and all written, oral, video or electronic forensic reports, tests and/or data produced in connection with the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

31. Copies of any and all written, oral, video or electronic reports, records, files, witness statements, documents and tangible objects prepared by any other federal, state, or local law enforcement agencies pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:05-cr-00011-GLF-1

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>_____<br>*Plaintiff*<br>v.<br>Daryl Lawrence<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 2:05-cr-00011-GLF-1

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Custodian of Records, Columbus Division of Police

_____
*(Name of person to whom this subpoena is directed)*

   ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: please see attached

| Place: | Date and Time: |
|---|---|
| | |

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Daryl Lawrence
_____ , who issues or requests this subpoena, are:
Miriam Gohara, 265 Church St., Suite 702, New Haven, CT 06510, Miriam_Gohara@fd.org, 301-344-2337

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1. Any communications, documents, or information concerning the nature of Officer Hurst's gunshot injury and the effect that injury would have had on Officer Hurst's ability to move and respond during the shooting incident at Fifth Third Bank.

2. Any communications, documents, or information, including opinions, reports (including interim or amended reports), memoranda, testing results, bench notes, and correspondence concerning the examination of Officer Hurst's uniform shirt.

3. Any communications, documents, or information containing internal written policies and standards for examinations concerning firearms distance determinations testing and guidelines for rendering an opinion.

4. Any communications, documents, and information concerning the decision as to what type of testing to utilize on Officer Hurst's uniform shirt to determine the presence of nitrites or lead.

5. Any color photographs of Officer Hurst's uniform shirt, at all stages of collection and testing.

6. Any communications, documents, or information concerning written procedures (often called Standard Operating Procedures (SOPs)) for firearms distance determinations testing, including procedures for preparation, instrument analysis, instrument calibration, and all required quality control practices.

7. Any communications, documents, or information concerning cases where the CDP has conducted chemical testing to determine the presence of lead or nitrites in the absence of recovering the firing weapon.

8. A copy of Mark J. Hardy's personnel file and all internal and external proficiency testing results for firearms distance determinations testing administered to him (including sponsoring agency, date(s) performed, responsible analyst, true values, reported results, raw data, scores, related correspondence, and corrective action records, as appropriate).

9. Any communications, documents, or information containing internal written policies and standards for examinations concerning ejection pattern analysis and guidelines for rendering an opinion.

10. Any communications, documents, and information concerning the decision not to conduct an ejection pattern analysis in Mr. Lawrence's case.

11. Any communications, documents, or information concerning cases where the CDP has conducted ejection pattern analysis in the absence of recovering the firing weapon.

12. Any communications, documents, or information concerning any forensic or crime scene reconstruction analysis about Mr. Lawrence's movements and actions inside Fifth Third Bank based on the locations of the spent .40 caliber shell casings.

13. Any communications, documents, or information concerning physical and forensic evidence that is consistent with the defense theory that Officer Hurst was shot from a distance.

14. Any communications, documents, or information concerning physical and forensic evidence that is consistent with the defense theory that Officer Hurst was standing in the hallway area adjacent to the teller line of the Fifth Third Bank when he was shot.

15. Any communications, documents, or information concerning physical and forensic evidence that is consistent with the defense theory that Mr. Lawrence was shooting toward the hallway area adjacent to the teller line of the Fifth Third Bank.

16. Any communications, documents, or information concerning a crime reconstruction analysis of how the shooting incident occurred.

17. Any communications, documents, or information concerning the number of frames per second that the video-cameras inside Fifth Third Bank recorded.

18. Any communications, documents, or information regarding concerns about the quality of the surveillance footage and/or the accuracy of what it depicted, including information concerning the Fifth Third Bank's video-cameras' frames-per-second recording capacity.

19. Any communications, documents, or information concerning enhancements to the Fifth Third Bank's surveillance footage or to still images taken from the surveillance footage.

20. Any communications, documents, or information identifying all witnesses to the shooting at Fifth Third Bank on January 6, 2005.

21. Any communications, documents, or information concerning any interviews conducted with Michelle Johnson and/or Brian Dickerson regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews.

22. Any communications, documents, or information concerning any statements that Michelle Johnson and/or Brian Dickerson made about the shooting at Fifth Third Bank.

23. Any communications, documents, or information concerning the decision not to call Michelle Johnson or Brian Dickerson as witnesses at Mr. Lawrence's trial.

24. Any communications, documents, or information concerning meetings with the testifying eyewitnesses (Marian Large, Heather Clifton, Andrea Ross, Amanda Goodman, Warren Cox, and Angela Karst), including the dates of such meetings, notes or memoranda regarding statements made by the witnesses, and evidence that was shown to the witnesses.

25. A complete copy of the CDP's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

26. Any and all documents in the CDP's possession from the FBI's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

27. Any and all documents in the CDP's possession Fifth Third Bank's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

28. Copies of any and all written, audio- or video-recorded statements (as well as transcriptions thereof) of witnesses (both testifying and non-testifying) concerning the Officer Hurst homicide and attempted robbery at Fifth Third Bank.

29. Copies of all rough drafts of reports or rough notes made by the CDP pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and related attempted robbery at Fifth Third Bank.

30. Copies of any and all written, oral, video or electronic forensic reports, tests and/or data produced in connection with the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

31. Copies of any and all written, oral, video or electronic reports, records, files, witness statements, documents and tangible objects prepared by any other federal, state, or local law enforcement agencies pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:05-cr-00011-GLF-1

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) |
| Daryl Lawrence | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:05-cr-00011-GLF-1

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         Custodian of Records, Fifth Third Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: please see attached

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Daryl Lawrence
_____ , who issues or requests this subpoena, are:
Miriam Gohara, 265 Church St., Suite 702, New Haven, CT 06510, Miriam_Gohara@fd.org, 301-344-2337

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1. Any communications, documents, or information concerning the number of frames per second that the video-cameras inside Fifth Third Bank recorded.

2. Any communications, documents, or information regarding concerns about the quality of the surveillance footage and/or the accuracy of what it depicted, including information concerning the Fifth Third Bank's video-cameras' frames-per-second recording capacity.

3. Any communications, documents, or information concerning enhancements to the Fifth Third Bank's surveillance footage or to still images taken from the surveillance footage.

4. Any communications, documents, or information identifying all witnesses to the shooting at Fifth Third Bank on January 6, 2005.

5. Any communications, documents, or information concerning any interviews conducted with Michelle Johnson and/or Brian Dickerson regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews.

6. Any communications, documents, or information concerning any statements that Michelle Johnson and/or Brian Dickerson made about the shooting at Fifth Third Bank.

7. Any communications, documents, or information concerning the decision not to call Michelle Johnson or Brian Dickerson as witnesses at Mr. Lawrence's trial.

8. Any communications, documents, or information concerning meetings with the testifying eyewitnesses (Marian Large, Heather Clifton, Andrea Ross, Amanda Goodman, Warren Cox, and Angela Karst), including the dates of such meetings, notes or memoranda regarding statements made by the witnesses, and evidence that was shown to the witnesses.

9. A complete copy of Fifth Third Bank's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

10. Copies of any and all written, audio- or video-recorded statements (as well as transcriptions thereof) of witnesses (both testifying and non-testifying) concerning the Officer Hurst homicide and attempted robbery at Fifth Third Bank.

11. Copies of any and all written, oral, video or electronic forensic reports, tests and/or data produced in connection with the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

12. Copies of any and all written, oral, video or electronic reports, records, files, witness statements, documents and tangible objects prepared by any other federal, state, or local law enforcement agencies pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:05-cr-00011-GLF-1

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

United States of America )
    *Plaintiff* )
    v. )   Civil Action No.  2:05-cr-00011-GLF-1
Daryl Lawrence )
     )
    *Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Custodian of Records, Federal Bureau of Investigation ("FBI")

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: please see attached

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

      *CLERK OF COURT*

            OR

_____    _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Daryl Lawrence
_____ , who issues or requests this subpoena, are:
Miriam Gohara, 265 Church St., Suite 702, New Haven, CT 06510, Miriam_Gohara@fd.org, 301-344-2337

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1.     Any communications, documents, or information concerning any interviews conducted with Michelle Johnson regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews.

2.     Any communications, documents, or information concerning any statements that Michelle Johnson made about the shooting at Fifth Third Bank.

3.     Any communications, documents, or information concerning any interviews conducted with Erica Arnold, Heather Clifton, Warren Cox, Brian Dickerson, Amanda Goodman, Angela Karst, Heather Kinney, Marian Large, Deborah Rader, and Andrea Ross, or any other witnesses inside or immediately outside the bank, regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews. This request includes any interviews conducted by the Government, the FBI, the CDP or employees of Fifth Third Bank.

4.     Any communications, documents, or information concerning any statements made by Erica Arnold, Heather Clifton, Warren Cox, Brian Dickerson, Amanda Goodman, Angela Karst, Heather Kinney, Marian Large, Deborah Rader, and Andrea Ross, or any other witnesses inside or immediately outside the bank, about the shooting at Fifth Third Bank. This request includes any statements these witnesses made to the Government, the FBI, the CDP or employees of Fifth Third Bank.

5.     Any communications, documents, or information concerning the events at the Fifth Third Bank at 6265 East Broad Street, Columbus, Ohio on January 6, 2005, reviewed by the FBI's Investigative and Prosecutorial Graphics Unit ("IPGU") and/or relied upon by the IPGU to produce its animated re-creation video.

6.     Any communications, documents, or information about any meetings between members of the IPGU and the prosecution team, including the dates of those meetings and any documents memorializing the substance of those meetings.

7.     Any communications, documents, or information concerning or referencing the possibility that Officer Hurst was fatally wounded somewhere other than behind the teller counter and/or that Officer Hurst was not fatally shot at point-blank range.

8.     Any communications, documents, or information concerning or referencing any expert opinions provided to the Government about the manner in which the shooting occurred, including but not limited to crime scene reconstruction analysis.

9.     Any and all documents in the possession of the FBI from the CDP's case file concerning Officer Hurst's homicide and related attempted robbery at Fifth Third Bank.

10.    A complete copy of the FBI's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

11.    Any and all documents in the possession of the FBI from the Fifth Third Bank's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

12.    Copies of any and all written, audio- or video-recorded statements (as well as transcriptions thereof) of witnesses (both testifying and non-testifying) concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

13.    Copies of all rough drafts of reports or rough notes made by the FBI pertaining to the investigation, arrest and prosecution of Mr. Lawrence in connection with Officer Hurst's homicide and related attempted robbery at Fifth Third Bank.

14.    Copies of any and all written, oral, video or electronic forensic reports, tests and/or data produced in connection with the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

15.    Copies of any and all written, oral, video or electronic reports, records, files, witness statements, documents and tangible objects prepared by any other federal, state, or local law enforcement agencies pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:05-cr-00011-GLF-1

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Daryl Lawrence | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  2:05-cr-00011-GLF-1

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Custodian of Records, Columbus Division of Police

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: please see attached

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           *CLERK OF COURT*

                                            OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Daryl Lawrence
_____ , who issues or requests this subpoena, are:
Miriam Gohara, 265 Church St., Suite 702, New Haven, CT 06510, Miriam_Gohara@fd.org, 301-344-2337

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1. Any communications, documents, or information concerning any interviews conducted with Michelle Johnson regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews.

2. Any communications, documents, or information concerning any statements that Michelle Johnson made about the shooting at Fifth Third Bank.

3. Any communications, documents, or information concerning any interviews conducted with Erica Arnold, Heather Clifton, Warren Cox, Brian Dickerson, Amanda Goodman, Angela Karst, Heather Kinney, Marian Large, Deborah Rader, and Andrea Ross, or any other witnesses inside or immediately outside the bank, regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews. This request includes any interviews conducted by the Government, the FBI, the CDP or employees of Fifth Third Bank.

4. Any communications, documents, or information concerning any statements made by Erica Arnold, Heather Clifton, Warren Cox, Brian Dickerson, Amanda Goodman, Angela Karst, Heather Kinney, Marian Large, Deborah Rader, and Andrea Ross, or any other witnesses inside or immediately outside the bank, about the shooting at Fifth Third Bank. This request includes any statements these witnesses made to the Government, the FBI, the CDP or employees of Fifth Third Bank.

5. Any communications, documents, or information concerning the events at the Fifth Third Bank at 6265 East Broad Street, Columbus, Ohio on January 6, 2005, reviewed by the FBI's Investigative and Prosecutorial Graphics Unit ("IPGU") and/or relied upon by the IPGU to produce its animated re-creation video.

6. Any communications, documents, or information about any meetings between members of the IPGU and the prosecution team, including the dates of those meetings and any documents memorializing the substance of those meetings.

7. Any communications, documents, or information concerning or referencing the possibility that Officer Hurst was fatally wounded somewhere other than behind the teller counter and/or that Officer Hurst was not fatally shot at point-blank range.

8. Any communications, documents, or information concerning or referencing any expert opinions provided to the Government about the manner in which the shooting occurred, including but not limited to crime scene reconstruction analysis.

9. A complete copy of the CDP's case file concerning Officer Hurst's homicide and related attempted robbery at Fifth Third Bank.

10. Any and all documents in the possession of the CDP from the FBI's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

11.     Any and all documents in the possession of the CDP from the Fifth Third Bank's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

12.     Copies of any and all written, audio- or video-recorded statements (as well as transcriptions thereof) of witnesses (both testifying and non-testifying) concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

13.     Copies of all rough drafts of reports or rough notes made by the CDP pertaining to the investigation, arrest and prosecution of Mr. Lawrence in connection with Officer Hurst's homicide and related attempted robbery at Fifth Third Bank.

14.     Copies of any and all written, oral, video or electronic forensic reports, tests and/or data produced in connection with the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

15.     Copies of any and all written, oral, video or electronic reports, records, files, witness statements, documents and tangible objects prepared by any other federal, state, or local law enforcement agencies pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:05-cr-00011-GLF-1

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:05-cr-00011-GLF-1 |
| Daryl Lawrence | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Custodian of Records, Fifth Third Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: please see attached

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Daryl Lawrence
_____ , who issues or requests this subpoena, are:
Miriam Gohara, 265 Church St., Suite 702, New Haven, CT 06510, Miriam_Gohara@fd.org, 301-344-2337

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1.	Any communications, documents, or information concerning any interviews conducted with Michelle Johnson regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews.

2.	Any communications, documents, or information concerning any statements that Michelle Johnson made about the shooting at Fifth Third Bank.

3.	Any communications, documents, or information concerning any interviews conducted with Erica Arnold, Heather Clifton, Warren Cox, Brian Dickerson, Amanda Goodman, Angela Karst, Heather Kinney, Marian Large, Deborah Rader, and Andrea Ross, or any other witnesses inside or immediately outside the bank, regarding the shooting at Fifth Third Bank, including the dates and locations of those interviews. This request includes any interviews conducted by the Government, the FBI, the CDP or employees of Fifth Third Bank.

4.	Any communications, documents, or information concerning any statements made by Erica Arnold, Heather Clifton, Warren Cox, Brian Dickerson, Amanda Goodman, Angela Karst, Heather Kinney, Marian Large, Deborah Rader, and Andrea Ross, or any other witnesses inside or immediately outside the bank, about the shooting at Fifth Third Bank. This request includes any statements these witnesses made to the Government, the FBI, the CDP or employees of Fifth Third Bank.

5.	Any communications, documents, or information concerning the events at the Fifth Third Bank at 6265 East Broad Street, Columbus, Ohio on January 6, 2005, reviewed by the FBI's Investigative and Prosecutorial Graphics Unit ("IPGU") and/or relied upon by the IPGU to produce its animated re-creation video.

6.	Any communications, documents, or information concerning or referencing the possibility that Officer Hurst was fatally wounded somewhere other than behind the teller counter and/or that Officer Hurst was not fatally shot at point-blank range.

7.	Any communications, documents, or information concerning or referencing any expert opinions provided to the Government about the manner in which the shooting occurred, including but not limited to crime scene reconstruction analysis.

8.	A complete copy of Fifth Third Bank's case file concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

9.	Copies of any and all written, audio- or video-recorded statements (as well as transcriptions thereof) of witnesses (both testifying and non-testifying) concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

10.	Copies of any and all written, oral, video or electronic forensic reports, tests and/or data produced in connection with the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank.

11.    Copies of any and all written, oral, video or electronic reports, records, files, witness statements, documents and tangible objects prepared by any other federal, state, or local law enforcement agencies pertaining to the investigation, arrest and prosecution of Mr. Lawrence concerning Officer Hurst's homicide and the related attempted robbery at Fifth Third Bank..

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:05-cr-00011-GLF-1

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).