# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Daryl Lawrence, | : | Criminal No. 2:05-cr-011 |
| *Petitioner,* | : | Civil No. 2:15-cv-3060 |
| | : | |
| v. | : | |
| | : | Judge Watson |
| | : | Magistrate Judge Kemp |
| United States of America, | : | |
| *Respondent.* | : | |

---

### United States' Response to Lawrence's Motion for
### Exculpatory and Impeachment Information

---

In connection with his pending motion under 28 U.S.C. § 2255, Lawrence moves this court to "order disclosure of exculpatory and impeachment information from the Government pursuant to its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972)." (Doc. 355.) The United States opposes the motion for the reasons set forth in the attached memorandum.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Mary Beth Young
MARY BETH YOUNG (0073451)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
Mary.Beth.Young@usdoj.gov

## Memorandum

Daryl Lawrence was sentenced to death in 2006 for an attempted bank robbery that resulted in the death of a Columbus police officer.  (Doc. 235.)  His conviction and sentence became final following direct appeal when his petition for certiorari was denied on December 8, 2014.  (Doc. 299.)  Pursuant to 28 U.S.C. § 2255, Lawrence has filed a Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence.  (Doc. 328.)  In addition to filing an extensive motion for discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings (Doc. 354), Lawrence has also filed a separate motion "for exculpatory and impeachment information," purporting to enforce the Government's "continuing obligations" under *Brady* and *Giglio*.  (Doc. 355).  This motion seeks to require "that the Government conduct a review of the entire law enforcement file, including that of any federal, state, or local agency that participated in the investigation and prosecution of Daryl Lawrence," and disclose hypothetical exculpatory and impeachment information in 26 enumerated categories, including "any exculpatory or impeachment information known to any federal, state, or local agency that assisted in the investigation and/or prosecution of Daryl Lawrence."  (Doc. 355 at 8, 14, 15.)  Requiring the Government to scour anew all the investigative files from this 2005 crime would constitute an unprecedented expansion of *Brady* and *Giglio* that would be inconsistent with Supreme Court precedent and the strictures of § 2255 discovery.  This motion (Doc. 355) should be denied.

2

Although Lawrence invokes what he calls the Government's "continuing constitutional obligation to disclose exculpatory and impeachment information" (Doc. 355 at 8), he cites no authority for requiring the broad relief he seeks in connection with a § 2255 proceeding.  On the contrary, the Supreme Court has made clear that the *Brady* and *Giglio* framework does not apply to post-conviction proceedings.  *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-70 (2009); *see also Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (explaining that "*Brady* announced a constitutional requirement addressed first and foremost to the prosecution's conduct pretrial").  This reflects the critical distinctions between the trial and post-conviction contexts.  Before conviction, a defendant is presumed innocent, and the Government bears the burden of proving guilt beyond a reasonable doubt.  *See, e.g., Taylor v. Kentucky,* 436 U.S. 478, 483 (1978).  Post-conviction, the presumption of innocence has been rebutted, and the Government has a strong interest in finality.  *See, e.g., Herrera v. Collins*, 506 U.S. 390, 399 (1993).

Ignoring the distinction between the trial and post-conviction contexts, Lawrence attempts to support his argument for a "continuing obligation" under *Brady* during post-conviction proceedings by citation to *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) and *Imbler v. Pachtman*, 424 U.S. 409, 427 n.25 (1976).  Neither supports Lawrence's argument.  *Ritchie* involved a state conviction that was not yet final on direct appeal, and concerned information that had been subpoenaed pretrial but not disclosed based on state confidentiality statutes. 480 U.S. at 43-45.  As such,

*Ritchie* did not purport to address the extent to which *Brady* obligations continue in collateral proceedings.  And to the extent *Imbler* is relevant, that decision—involving immunity for prosecutors from § 1983 civil suits—rebuts Lawrence's contention that any *constitutional* disclosure obligation continues into collateral proceedings.  *See* 424 U.S. at 427 n.25 (noting that "[a]t trial" the duty derives from "the requirements of due process," but "after a conviction" the prosecutor discloses exculpatory information pursuant to "the ethics of his office"); *see also Runningeagle v. Ryan*, 686 F.3d 758, 772 n.6 (9th Cir. 2012) (citing *Imbler* and noting that while "prosecutors have no further duty under *Brady*" after a conviction becomes final, "[e]thical duties beyond those imposed by *Brady* and the Due Process Clause may" require disclosure of exculpatory evidence "at any time they become aware of it").

Deepening his reliance on ethics policies, Lawrence next cites various internal publications of the Department of Justice and the United States Attorney's Office that he claims support his view. (*See* Doc. 355 at 3-8.)  These citations do not help him, for at least two reasons.  First, the discussions he cites focus on criminal discovery in the pretrial and trial context, not post-conviction.  Second, even to the extent they were relevant, these internal policy documents would create no enforceable rights for third parties.  *See United States v. Cacares*, 440 U.S. 741 (1979); *United States v. Myers*, 123 F.3d 350, 356 (6th Cir. 1997).

The *Brady* framework is not only legally inapt to the post-conviction setting, it is ill-suited as a practical matter as well.  For purposes of *Brady*, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting

on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *see Strickler v. Greene*, 527 U.S. 263, 275 n.12 (1999). That duty is appropriate before conviction because, in the course of preparing a case for trial, a prosecutor must marshal and evaluate the evidence in the Government's possession.  But in the context of a post-conviction proceeding—which, as here, may occur long after the trial—prosecutors and investigators will no longer have comparable command of all the evidence or its relevance.

Lawrence's attempt to recreate the Government's trial-stage *Brady / Giglio* obligations at the post-conviction stage effectively seeks to have the Government undertake wide-ranging investigation on his behalf – conducting "a review of the entire law enforcement file, including that of any federal, state or local agency that participated in the investigation and prosecution of Daryl Lawrence" for potential exculpatory or impeachment information.  (*See* Doc. 355 (proposed order).)  In the post-conviction setting, however, the proper framework for obtaining exculpatory or impeachment information that a defendant has reason to believe has not been provided is through application of available discovery mechanisms to specific claims by the defendant, not through attempts to require the Government to recreate a prosecution team and prophylactically search all files anew.

In particular, where a defendant asserts a *Brady* claim in a post-conviction proceeding, discovery relating to that claim is sometimes afforded, but is not a matter of right. *Strickler*, 527 U.S. at 286 ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery

5

request on collateral review.").  In the § 2255 context, the availability of such discovery is governed by Rule 6 of the Rules Governing Section 2255 Proceedings, which permits discovery regarding *Brady* and other claims only upon a showing for good cause.  Lawrence has filed an extensive motion under that Rule, seeking a variety of discovery on numerous claims.  (Doc. 354.)  This Court should reject Lawrence's attempt to circumvent Rule 6's tailored approach by seeking to use *Brady* as a tool for post-conviction discovery. *See, e.g., Ogun v. United States*, No: 4:12cr4, 2014 WL 3545209, *1 n.6 (E.D. Va. July 16, 2014) (noting that "[t]he Petitioner's requests pursuant to *Brady* are inappropriate as the *Brady* right is not a post-conviction right," and that discovery is available only for good cause under Rule 6); *As-Sadiq v. United States*, No. 5:00-cr-176, 2010 WL 4668995, *2 (E.D.N.C. Nov. 8, 2010) (stating that "nothing in the Court's precedents suggests" that the Government's *Brady* obligation "continues after a defendant is convicted and the case closed"); *cf. United States v. Corona*, No. 3:05-cr-148, 2010 WL 99477, at *1, *2 (E.D. Tenn. Jan. 7, 2010) (concluding that "the *Brady* doctrine is not intended to serve as a post-trial discovery device," and did not entitle the defendant to a "broad and burdensome order that would require the Government to cast about without any direction for information that may not exist"); *United States v. Peterson*, No. 13-0117, 2015 WL 9480035, *2 (S.D. Al. Dec. 29, 2015) (noting that "the law is clear that *Brady* is not a discovery device" and rejecting "request for far-reaching, burdensome, post-trial discovery disguised as a *Brady* demand").

## Conclusion

Wherefore, the United States requests that the Court deny Lawrence's Motion for Exculpatory and Impeachment Information (Doc. 355), and the accompanying request for oral argument.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Mary Beth Young
MARY BETH YOUNG (0073451)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
Mary.Beth.Young@usdoj.gov

## Certificate of Service

I hereby certify that a copy of the foregoing United States' Response to Lawrence's Motion for Exculpatory and Impeachment Information was served this 4th day of April, 2017, electronically on all parties of record.

s/Mary Beth Young
MARY BETH YOUNG (0073451)
Assistant United States Attorney