IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARYL LAWRENCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case Number 2:05-CR-00011 |
| v. | ) | |
| | ) | JUDGE MICHAEL H. WATSON |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Magistrate Judge Chelsey M. Vascura |
| Respondent. | ) | |

PETITIONER'S UNOPPOSED REQUEST TO STAY THE PENDING
DISCOVERY LITIGATION PENDING THE OUTCOME OF FREEDOM OF
INFORMATION LITIGATION

Daryl Lawrence, Petitioner herein, asks this Court to temporarily stay the pending

discovery litigation of his case, pending resolution of a Freedom of Information Act ("FOIA")

lawsuit for disclosure from the Federal Bureau of Investigation ("FBI") of documents relevant to

these post-conviction proceedings. Mr. Lawrence seeks this stay to ensure his ability to fully and

fairly litigate his Motion to Alter and Amend Judgment, brought pursuant to 28 U.S.C. § 2255,

and to promote judicial efficiency in these proceedings. Without this stay, his rights will be

compromised. The Government, by contrast, will suffer no irremediable prejudice as a result of

such a stay being imposed.

The Government has authorized the undersigned to indicate that it does not oppose the

stay requested, although in doing so, it does not endorse the particular characterizations or

arguments made in this motion and the supporting memorandum.

Mr. Lawrence's detailed explanations are set forth in the attached memorandum.

1

Respectfully submitted,

/s/Amy Gershenfeld Donnella
Amy Gershenfeld Donnella (PA85194)
Federal Capital Habeas Project, PA Office
Federal Public Defender, District of
Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 641-6103 (phone)
(301) 344-0019 (fax)
E-mail:  Amy_Donnella@fd.org

Counsel for Daryl Lawrence

Dated: July 13, 2017

**MEMORANDUM**

## I. A STAY IS NECESSARY TO ENSURE MR. LAWRENCE'S ABILITY TO FULLY AND FAIRLY DEVELOP HIS CASE.

As this Court is aware, capital § 2255 proceedings represent the first and usually only opportunity for a federal prisoner to assert postconviction challenges to the constitutionality of his or her conviction and sentence. Unlike 28 U.S.C. § 2254 capital cases that arise from state prosecutions, a § 2255 litigant has had no prior opportunity to develop or investigate the factual bases for his claims, a process which often is conducted over the course of several years in a state forum. In contrast, in cases brought pursuant to § 2255, all postconviction fact development occurs in the federal forum. Initial § 2255 motions must be filed within a strict one-year statute of limitations that begins running as of the date certiorari off direct appeal is denied, a time period during which newly-appointed counsel for the movant must begin to learn the record and develop claims through preliminary investigation. Because of this shorter timeline, federal capital litigants must routinely still conduct investigation, pursue informal discovery, and develop the factual bases for claims well after the initial § 2255 motion has already been filed.

Undersigned counsel diligently pursued all potential grounds for relief prior to filing Mr. Lawrence's § 2255 motion. In addition to collecting public records and conducting wide-ranging investigation,[1] undersigned counsel requested relevant Government documents pursuant to the Freedom of Information Act (FOIA) from agencies such as the FBI. Counsel made these requests shortly after their appointment to the case and more than ten months before the § 2255 Motion was filed. Mr. Lawrence believed these documents were critical to his case because the FBI had

---

[1] These included formal requests for court-ordered discovery. As other courts have also ruled, this Court held that the motions were premature because the § 2255 motion had not yet been filed.

3

been deeply involved in investigation into the offense and had conducted multiple interviews with witnesses, participated in the crime scene investigation and analysis of forensic evidence, and helped prepare exhibits, mock-ups, and video simulations for use at trial.

The FBI redacted or declined to produce many of the requested documents, however, and Mr. Lawrence has been engaged now for over two years in filing administrative appeals to obtain them. Although some of these were partially successful (including his effort to obtain the expedited review to which he was entitled) most of these records still have not been released. Of the 1,619 documents initially deemed responsive to his request, nearly half (732) were withheld in their entirety on the basis of various claimed FOIA exemptions.[2] Of the 841 documents that have been released to Mr. Lawrence, all have been redacted, some so heavily as to make them unintelligible and thus of no use in to him in these proceedings.[3]

In his § 2255 motion Mr. Lawrence asserted more than thirty claims of constitutional error including, *inter alia*, claims of ineffective assistance of counsel, prosecutorial misconduct, juror misconduct, and other issues involving race bias and selective prosecution. Because he bears the burden of proof throughout these proceedings—to establish both the need for discovery and ultimately his right to habeas relief—Mr. Lawrence requires the opportunity to develop facts through both formal and informal processes. As this Court recognized in the discovery scheduling order entered after the § 2255 motion was filed, the most orderly process would be to conduct as much voluntary and informal discovery as possible before seeking renewed authority from this Court. Unfortunately, the Government's processing of Mr. Lawrence's FOIA requests has not been swift. Even as he invoked this Court's authority when he re-filed for discovery last

---

[2] This included 308 documents which the FBI claimed were duplicative.
[3] The FBI has indicated that it reviewed only 1,573 pages of the 1,619 pages it originally identified as potentially responsive to Plaintiff's request. The FBI has suggested that the original page count may have been an estimate, not an exact number.

4

year, he still has not yet been able to fully exhaust less formal means of gathering necessary information. Mr. Lawrence and the Government spent several months engaged in discussions and negotiations over what materials the Government might be willing to supply voluntarily. Ultimately, the Government agreed to provide Mr. Lawrence with specified documents responsive to several categories of information he had requested but the Government maintained that it would search only its own files, not those of any investigating agencies.

In light of this, and of the highly questionable nature of the claimed exemptions and redactions,[4] a FOIA lawsuit  has been filed for Mr. Lawrence in the United States District Court for the District of Columbia.[5]  The complaint challenges the exemptions on which the FBI has based its extensive redactions, requests reversal of the decision to withhold over 700 documents altogether, and alleges that the FBI failed to undertake adequate efforts to locate documents relevant to his request.

Having access to the full array of records to which Mr. Lawrence is legally entitled pursuant to FOIA, before his § 2255 Motion proceeds further, is critical to the fair and efficient prosecution of this litigation. It is Mr. Lawrence who bears the burden of asserting all claims for relief and then proving them.  He has reason to believe that the information the FBI is withholding may support the allegations of error before this Court as well as potentially other bases for relief.

---

[4] The exemption for law enforcement protects from disclosure only such records or information that, "(A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source … (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual."
https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption7_0.pdf.
[5] The lawsuit was filed on July 7, 2017.  The undersigned will provide the Court with the case docketing information as soon as it becomes available.

5

## II.    DENYING MR. LAWRENCE'S REQUEST FOR A STAY WOULD FRUSTRATE THE AIM OF DISCOVERY AND THE PURPOSE OF THE FOIA STATUTE.

Mr. Lawrence has requested documents through FOIA which he believes will both support his requests for discovery[6] and provide proof for his post-conviction claims. These documents are in the possession of the United States Department of Justice, Mr. Lawrence's party-opponent in his § 2255 litigation. Mr. Lawrence has filed a FOIA lawsuit because he believes that the Government, through the FBI, is improperly refusing to disclose the requested information. At the same time, the Government is arguing before this Court that Mr. Lawrence has failed to meet the "good cause" standard Habeas Rule 6 requires for discovery and asserting that he is on a "fishing expedition" because he has not shown the likelihood that the information he seeks in discovery actually exists. *See United States' Response to Movant Daryl Lawrence's Initial Motion to Conduct Discovery,* Doc. # 365 at pp. 6, 47, 66.  As the federal court in *Han v. Food & Nutrition Serv. of U.S. Dep't of Agric.,* 580 F. Supp. 1564, 1568 (D.N.J. 1984) held, such a contradictory position that essentially whipsaws a party in litigation is not tenable. In *Han*, the Government refused to disclose the names of potential witnesses in response to a FOIA request and contemporaneously moved for summary judgment arguing that the plaintiff could establish no genuine issue of material fact. The Court rejected the Government's approach, calling it "singularly inappropriate" to refuse to disclose the relevant information and then use that refusal as support for denying factual development:

> This is particularly true in the present case where, instead of using the FOIA exemptions as a shield, defendant employs them as a sword by asking this Court

---

[6] The Government has itself noted the potential effect of the FOIA requests on his discovery litigation. See United States' Response to Movant Daryl Lawrence's Initial Motion to Conduct Discovery, Doc. # 365, at 12 ("The fact that Lawrence has received a significant number of documents via this FOIA request, and is seeking more, is likely to diminish the necessity and appropriateness of some or all of the discovery Lawrence now requests.  The United States anticipates that Lawrence will update the Court on his FOIA proceedings and their impact on his requested discovery.")

6

to deem material facts admitted under its Requests for Admissions because of plaintiff's inability to respond to them due to the non-disclosure of the identities of those investigative witnesses. In this Court's view, *defendant's insistence upon non-disclosure under the FOIA exemptions precludes the development of such a record as would permit this Court to consider this matter on summary judgment.*

*Han v. Food & Nutrition Serv. of U.S. Dep't of Agric.,* 580 F. Supp. 1564, 1568 (D.N.J. 1984) (emphasis added).  Another federal court,  in the context of a habeas proceeding, similarly refused to allow the Government to argue for dismissal based on the absence of information that the Government itself was failing to disclose via FOIA.  In *Rice v. Black*, 112 F.R.D. 620, 626 (D. Neb. 1986), the court, in a § 2254 proceeding, approvingly cited *Han*'s decision refusing to "allow the government to prevail on its motion by offensively employing a disclosure act to keep plaintiff unaware of the issues of material fact" and noting that "petitioner's case presents a similar situation in that the very evidence necessary to prove unconstitutional conduct on the part of the government is in the hands of the government."[7] The *Rice* Court subsequently granted the petitioner's requested discovery.

As in *Han* and *Rice*, Mr. Lawrence finds himself in an untenable position. The FBI's refusal to disclose relevant information to which Mr. Lawrence is entitled precludes him from fully developing the record before this Court. Yet the same Government, through the U.S. Attorney, is urging this Court to reject his discovery requests because he has allegedly failed to marshal sufficient proof.[8]

---

[7] The *Rice* court ultimately decided that a stay was unnecessary because should the petitioner receive further relevant information in his FOIA litigation "after his habeas action has been concluded…the petitioner would be able to return yet another time to this court for habeas relief." *Id*. at 627 (citations omitted). The *Rice* decision was prior to the enactment of the AEDPA with its timeliness provisions and successor bars: under current law Mr. Lawrence cannot simply file another § 2255 motion at a later date. This is another reason that a stay is the appropriate remedy in his case.

[8] Mr. Lawrence fully believes he can meet the good cause standard of Rule 6; moreover, the requests before the Court are multi-faceted so that the FOIA documents may be relevant to some and not others and to varying degrees.

7

Mr. Lawrence has prevailed on an appeal to require expedited review of his FOIA requests and he is hopeful that the litigation can now proceed quickly as well. Staying the post-conviction litigation until the FOIA litigation is resolved will help ensure both fairness and judicial efficiency in these capital § 2255 proceedings. The Government would suffer no irreparable harm from such a stay; on the other hand, Mr. Lawrence's ability to establish the constitutional violations he has alleged would be frustrated if he is denied access to the full array of FBI documents to which he is entitled under law and which have already proved relevant to his claims. Such a procedure has been endorsed in the Southern District of Ohio. *See e.g. Brown v. Rogers*, No. 1:99CV549, 2017 WL 1134374, at *1 (S.D. Ohio Mar. 27, 2017) ("On July 7, 2002, the Court granted Petitioner's motion to hold the proceedings in abeyance while she pursued, pursuant to the Freedom of Information Act (FOIA), documents and other evidence in the possession of the FBI that Petitioner argued contained exculpatory or other favorable evidence bearing upon this case. (Doc. # 30.)")

Moreover, the Government will not be prejudiced should this Court impose a temporary stay, pending the outcome of the FOIA lawsuit. These FOIA lawsuits are almost always decided on the basis of summary judgment motions and move relatively quickly.[9] There is no reason to believe this lawsuit will proceed any differently. Nor does a limited time delay unduly burden the Government, especially when the delay is to obtain information central to the case.[10]

---

[9] See Department of Justice Guide to the Freedom of Information Act: Litigation Considerations (Nov. 26, 2013) at 104-105 ("Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved, because in FOIA cases there is rarely any factual dispute . . . only dispute over how the law is to be applied to the documents at issue.") (internal quotation marks and footnotes omitted, ellipses in original'") (Available online at: https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/litigation-considerations.pdf#p104) (last visited July 12, 2017)

[10] As the Justice Department is the opposing party in the FOIA litigation it can of course help keep the case on a workable timetable.

It should also be noted that in capital cases, delay is regularly attributable to the need to send back or relitigate cases where a defendant was denied process during the initial proceedings. As noted earlier, unlike in § 2254 cases, this is Mr. Lawrence's initial post-conviction proceeding.

By contrast, it could severely prejudice Mr. Lawrence were he forced to continue litigating his § 2255 Motion without access to this body of information which Congress has given him the right to obtain, which he has diligently pursued, and which may ultimately help prove his claims.  Without the stay, Mr. Lawrence's right of access to these FOIA documents will, at the very least, be delayed until after such time as he must reply to the Government's response to his discovery requests.  Should the outcome of the FOIA lawsuit result in release of documents that would have further supported Mr. Lawrence's discovery requests, it would not only constrain his rights but also result in avoidable inefficiencies in this Court, such as the need to re-open discovery, permit additional amendments to his § 2255 Motion, and potentially revisit other decisions about timing or the presentation of evidence.

Accordingly, Mr. Lawrence asks this Court to take the simpler, more efficient, and, most importantly, the appropriately fair route, and stay these § 2255 proceedings, pending the outcome of his FOIA lawsuit.

Respectfully submitted,

/s/Amy Gershenfeld Donnella
Amy Gershenfeld Donnella (PA85194)
Federal Capital Habeas Project, PA Office
Federal Public Defender, District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 641-6103 (phone)
(301) 344-0019 (fax)
E-mail:  Amy_Donnella@fd.org

Counsel for Daryl Lawrence

Dated: July 13, 2017

9

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARYL LAWRENCE,                           )
                                          )
                Petitioner,               )
                                          )       Case Number 2:05-CR-00011
v.                                        )
                                          )       JUDGE MICHAEL H. WATSON
UNITED STATES OF AMERICA,                 )
                                          )       Magistrate Judge Chelsey M. Vascura
                Respondent.               )

PROPOSED ORDER

Petitioner has submitted an Unopposed Request to Stay the Pending Discovery Litigation

Pending the Outcome of Freedom of Information Litigation,  His motion sets forth good cause to

impose this stay and his motion is therefore granted.

SO ORDERED.


                                          _____
                                          United States Magistrate Judge


Dated:

10

**CERTIFICATE OF SERVICE**

I, Amy Gershenfeld Donnella, hereby certify that an exact of the foregoing Petitioner's Unopposed Request to Stay the Pending Discovery Litigation Pending the Outcome of Freedom of Information Litigation and accompanying Proposed Order were served on the Government through the Court's ECF system, this 13th day of July, 2017:

Mary Beth Young, Esq.
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Email:  mary.beth.young@usdoj.gov

/s/Amy Gershenfeld Donnella
Amy Gershenfeld Donnella (PA85194)
Federal Capital Habeas Project, PA Office
Federal Public Defender, District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 641-6103 (phone)
(301) 344-0019 (fax)
E-mail:  Amy_Donnella@fd.org

Dated:  July 13, 2017

11